**JOHN L. BURRIS, Esq., SBN 69888**
**ADANTE POINTER, Esq., SBN 236229**
**MELISSA NOLD, Esq., SBN 301378**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
adante.pointer@johnburrislaw.com
melissa.nold@johnburrislaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| N.M., Successor-in-Interest to Decedent MIKEL MCINTYRE, by and through his Guardian Ad Litem CAS'SIUS HUDSON; BRIGETT MCINTYRE, an individual,<br><br>                         Plaintiffs,<br><br>        vs.<br><br>CITY OF RANCHO CORDOVA, a municipal corporation; COUNTY OF SACRAMENTO, a municipal corporation; and DOES 1-25, inclusive, individually and in their official capacity as police officers for the CITY of RANCHO CORDOVA and COUNTY OF SACRAMENTO; and DOES 26-50, inclusive, individually and in their official capacity as employees for the Sacramento County Sheriff's Department and/or Rancho Cordova Police Department,<br><br>                         Defendants. | CASE NO.:<br><br>COMPLAINT FOR DAMAGES<br>(42 U.S.C. Section 1983 and pendent tort claims)<br><br>JURY TRIAL DEMANDED |

## **INTRODUCTION**

1.      This case arises out of the May 8, 2017 wrongful death of 32-year old Mikel McIntyre. Defendants County of Sacramento Sheriff's Department and Rancho Cordova Police Department Officers shot Mr. McIntyre to death after ignoring his mother Brigett McIntyre's multiple attempts to secure mental health care for Mr. McIntyre the day of the shooting. Ms. McIntyre contacted emergency services two times earlier that day, imploring responding personnel that her son was displaying overt symptoms of an undiagnosed mental illness and in the throes of mental health crisis. On both occasions, City of Rancho Cordova Fire and/or Police personnel arrived at her home and inexplicably refused to provide him mental health care or place him under a '5150' involuntary psychiatric hold, despite Ms. McIntyre's pleas to help her son.

2.      Later that day, Mr. McIntyre and Ms. McIntrye went to a shopping center to retrieve some clothing for Mr. McIntyre. Mr. McIntyre continued to experience overt signs of mental distress. Mr. McIntyre's bizarre behavior prompted his mother to call out to onlookers for help. Once again, Rancho Cordova Police Department Officers responded to the scene. A yet-to-be-identified Rancho Cordova Police Department Officer confronted Mr. McIntyre. Mr. McIntyre attempted to run away. According to witnesses, the yet-to-be-identified Rancho Cordova Police Officer fell during the pursuit, hit his head, and then opened fire on Mr. McIntyre as he fled. Mr. McIntyre ran onto a nearby roadway where yet-to-be-identified City of Rancho Cordova Police Officers and/or Sacramento Sheriff's Department Deputies shot him the back as he ran away from them unarmed and not posing an immediate threat.

3.      This civil rights and wrongful death action seeks compensatory and punitive damages from Defendants for violating the Fourth and Fourteenth Amendment under the United States Constitution, the Americans with Disabilities Act and state law in connection with the death of Mikel McIntyre, who died as a result of the unlawful and/or negligent conduct by the officer and deputies of the City of Rancho Cordova Police Department and/or County of Sacramento Sheriff's Department. This action is maintained on behalf of Decedent, by his child and successor-in-interest, N.M., by and through his Guardian Ad Litem Cas'Sius Hudson; and Brigett McIntyre brings forth her own individual claim for the loss of her familial relationship with her son.

## JURISDICTION

4.      This action arises under Title 42 of the United States Code, § 1983. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in the City of Rancho Cordova, California, which is within the judicial district of this Court. This Court also has supplemental jurisdiction over Plaintiffs' state law causes of action under 28 U.S.C. § 1367.

## PARTIES

5.      Decedent, MIKEL MCINTYRE, was an individual residing in County of Contra Costa, in the State of California.  Decedent was unmarried and died intestate. Decedent did not file any legal actions prior to his death. To the extent that this action seeks to recover damages for the violation of rights personal to MIKEL MCINTYRE, this action is maintained by his Successor-in-Interest, minor N.M., by and through his Guardian Ad Litem CAS'SIUS HUDSON. Said Plaintiff is the only surviving child of MIKEL MCINTYRE and the person with standing to bring this action.

6.      Plaintiff N.M. (hereinafter "Plaintiff N.M."), is and was at all times herein mentioned the biological son of Decedent MIKEL MCINTYRE. Plaintiff N.M sues though his Guardian Ad Litem CAS'SIUS Hudson, as the Successor-in-Interest to Decedent MIKEL MCINTYRE.

7.      Plaintiff BRIGETT MCINTYRE (hereinafter "Plaintiff Brigett McIntyre"), is and was at all times herein mentioned the mother of Decedent MIKEL MCINTYRE and a citizen of the United States. Plaintiff Brigett McIntyre is acting in her individual capacity as the biological mother of Decedent MIKEL MCINTYRE. MIKEL MCINTYRE's biological father predeceased him.

8.      Defendant CITY OF RANCHO CORDOVA (hereinafter "City") is a municipal corporation, duly organized and existing under the laws of the State of California. Under its authority, the City operates the Rancho Cordova Police Department.

9.      Defendant COUNTY OF SACRAMENTO (hereinafter "County") is a municipal corporation, duly organized and existing under the laws of the State of California. Under its authority, the County operates the Sacramento County Sheriff's Department.

10.     Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 25, inclusive, and therefore sue these defendants by such fictitious names.  Plaintiffs allege

Defendants DOES 1 through 25, and each of them were negligent and deliberately indifferent to MIKEL MCINTYRE's medical and mental health needs and safety, failed to take measures to get him medical help, violated his civil rights, wrongfully caused his death, and/or encouraged, directed, enabled and/or ordered other defendants to engage in such conduct.  Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violations of public policy. Plaintiffs further allege that the DOE Defendants violated Plaintiff's Fourth Amendment right to be free from unreasonable searches and seizures, including excessive and unwarranted force, in addition to the Fourteenth Amendment rights to familial association and companionship and caused the wrongful death of MIKEL MCINTYRE. Plaintiffs will amend this Complaint to state the names and capacities of DOES 1 through 25, inclusive, when they have been ascertained.

11.     Plaintiffs are ignorant of the true names and capacities of Defendants DOES 26 through 50, inclusive, and therefore sue these defendants by such fictitious names.  Plaintiffs are informed and believe and thereon allege that each Defendant so named was employed by Defendant City and/or County at the time of the conduct alleged herein.  Plaintiffs allege that each of Defendants DOES 26-50 were responsible for the training, supervision and/or conduct of the police officers and/or agents involved in the conduct alleged herein.  Plaintiffs allege that each of Defendants DOES 26 through 50 was also responsible for and caused the acts and injuries alleged herein. Plaintiffs will amend this Complaint to state the names and capacities of DOES 26 through 50, inclusive, when they have been ascertained.

### ADMINISTRATIVE PREREQUISITES

12.     Plaintiffs are required to comply with an administrative tort claim requirement under California law.  Plaintiffs have exhausted all administrative remedies pursuant to California Government Code Section 910.  Plaintiffs filed Claims with the City of Rancho Cordova and the County of Sacramento. City of Rancho Cordova rejected Plaintiffs' claim on February 22, 2018. County of Sacramento did not reject Plaintiffs claim and more than 45 days has passed since the claim was filed. All claims are ripe for litigation.

## **PRELIMINARY ALLEGATIONS**

13.     The City of Rancho Cordova and the County of Sacramento are public entities and are being sued under Title 42 U.S.C. § 1983 for Monell liability; 42 U.S.C. § 12132, for violations of the Americans with Disabilities Act; and under the theory of Respondeat Superior, for all actions taken by Defendant agents of the City of Rancho Cordova and County of Sacramento. Defendant DOES 1-25 and DOES 26-50 are being sued under Title 42 U.S.C. § 1983, for violations of the Fourth and Fourteenth Amendments of the United States Constitution; 42 U.S.C. § 12132, for violations of the Americans with Disabilities Act;  in addition to violations of California state law, the California Tort Claims Act, and the Government Code for the acts and omissions of Defendants DOES 1-25, and each of them, who at the time they caused Plaintiffs' and Decedent MIKEL MCINTYRE's injuries, damages and death were duly appointed, qualified and acting officers, employees, and/or agents of City and County and acting within the course and scope of their employment and/or agency.

14.     Plaintiffs allege that the conduct of each defendant deprived Decedent MIKEL MCINTYRE of his constitutional right to life and caused Decedent MIKEL MCINTYRE to suffer grievous harm and physical, psychological, and mental injuries prior to his death, and ultimately caused his death while he was in the custody of Defendants.

15.     Each of the Defendants caused and is responsible for the unlawful conduct and resulting harm by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so, by authorizing, acquiescing, condoning, acting, omitting or failing to take action to prevent the unlawful conduct, by promulgating or failing to promulgate policies and procedures pursuant to which the unlawful conduct occurred, by failing and refusing to initiate and maintain proper and adequate policies, procedures and protocols, and by ratifying and condoning the unlawful conduct performed by agents and officers, deputies, medical providers and employees under their direction and control.

16.     Whenever and wherever reference is made in this Complaint to any act by Defendants DOES 1-25 and DOES 26-50, such allegations and references shall also be deemed to mean the acts and failures to act of each DOE Defendants individually, jointly or severally.

# FACTUAL ALLEGATIONS

17.     On May 8, 2017, at approximately 12:00 p.m., Decedent, Mikel McIntyre, showed up to the home of his great aunt, in Sacramento, California. Mr. McIntyre was disheveled, barefoot and wearing only a pair of cutoff trousers which were several sizes too small. He was incoherent and unable to recognize his family members, who were also present at the home. He was clearly experiencing a mental health crisis. Mr. McIntyre was joined at the residence by his mother, Brigett McIntyre, and other family members. His family was deeply concerned by his sudden and unexplained mental deficit. Alarmed by the abnormal behavior, Ms. Bridget McIntyre, Mikal's mother, contacted emergency services to obtain mental health treatment for her son. Ms. McIntyre recorded video footage of her son's bizarre behavior, in an attempt to document him while he was symptomatic.

18.     Shortly thereafter, yet-to-be-identified Defendant City of Rancho Cordova Fire and/or Police Department personnel arrived at the home. The first responders inexplicably refused to provide any mental health care for Mr. McIntyre despite Ms. McIntyre's pleas for help. Ms. McIntyre informed them that her son was displaying bizzarre dissociative symptoms such as failing to recognize his family members and talking about people flying. Ms. McIntyre also informed the first responders that her son had no known pre-existing history of mental illness and that she believed he was experiencing a mental healthc crisis. Nevertheless, the first responders refused to directly provide or work to facilitate any mental health care for Mr. McIntyre and left the home.

19.     Approximately 20 minutes after fire and police personnel left the scene, Ms. McIntyre contacted emergency services a second time and asked the police to place her son on a 5150 hold. Yet-to be-identified Rancho Cordova Police Department Officers arrived at the home, once again refused to place Mr. McIntyre on a 5150 hold and shortly thereafter left the home.

20.     Later that same day Mikel and his mother went to a nearby shopping center. Mr. McIntyre continued to display troublesome signs of an active mental health crisis. Ms. McIntyre called out to onlookers and asked them to call the police in an effort to obtain assistance for her son.

21.     Rancho Cordova Police Department Officers arrived and contacted Mikel McIntyre and Ms. McIntyre. Ms. McIntyre for the third time relayed her concerns for her son's active mental health crisis and the need for him to receive medical or mental health care.

22.     Mr. McIntyre, still in the throes of a mental health crisis, fled from the officer. The yet-to-be identified officer pursued Mr. McIntyre. Eye witnesses report that the officer fell onto the ground, hitting his head on a rock. The yet-to-be-identified officer opened fire on Mr. McIntyre as he continued to run away. Meanwhile, Sacramento County Sheriff's Deputies responded to the scene and pursued Mr. McIntyre onto a nearby roadway. While in pursuit, one or more yet-to-be-identified Sacramento Sheriff's Department Deputies shot Mr. McIntyre from behind multiple times, despite him being unarmed and running away from the Deputies.  Mr. McIntyre died as a result of the Defendant Officers use of excessive deadly force.

23.     Mr. McIntyre leaves behind a family, including his mother and minor child, who are reeling from his untimely and preventable death.

24.     The actions and omissions of DOE Defendants Rancho Cordova Department Officers and DOE Sacramento County Sheriff's Deputies were objectively unreasonable under the circumstances, without legal justification or other legal right, done under color of law, within the course and scope of their employment as law enforcement officers and/or public officials, and pursuant to unconstitutional customs, policies and procedures of City, County and/or other jurisdictions.

25.     Plaintiffs are informed and believe and thereon allege that City, County and DOES 26-50, inclusive, breached their duty of care to the public in that they have failed to discipline DOES 1-25. Their failure to discipline DOES 1-25 inclusive, demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating and/or ratifying with deliberate indifference the making of improper detentions and arrests, the use of excessive and/or deadly force and the fabrication of official reports to cover up DOES 1-25's inclusive, misconduct.

26.     Plaintiffs are informed and believe and thereon allege that members of the Rancho Cordova Department and County of Sacramento Sheriff's Department, including, but not limited to DOES 1-25 and DOES 26-50 and/or each of them, have individually and/or while acting in concert

with one another, engaged in a repeated pattern and practice of using excessive, arbitrary and/or unreasonable force against individuals, including, but not limited to Decedent, MIKEL MCINTYRE.

27.     Plaintiffs are informed, believe and therein allege that City and County knew or had reason to know by way of actual or constructive notice of the aforementioned policy, culture, pattern and/or practice and the complained of conduct and resultant injuries/violations.

28.     At all material times, and alternatively, the actions and omissions of each Defendant were conscience-shocking, reckless, deliberately indifferent to Decedent's and Plaintiffs' rights, negligent, and objectively unreasonable.

29.     Before filing this action, Plaintiffs made requests for the investigatory records in relation to the death of Decedent MIKEL MCINTYRE and the names of the shooting officers. However, no response pursuant to the requests has been received.

## **DAMAGES**

30.     As a consequence of Defendants' violation of Plaintiffs' federal civil rights under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments, Plaintiffs were mentally, and emotionally injured and damaged as a proximate result of Decedent's wrongful death, including but not limited to: Plaintiffs' loss of familial relations, Decedent's society, comfort, protection, companionship, love, affection, solace, along with moral and financial support.

31.     Plaintiffs seek both survival and wrongful death damages, pursuant to C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b), for the violation of both Decedent's and their rights. Additionally, Plaintiffs are entitled to the reasonable value of funeral and burial expenses pursuant to C.C.P. §§ 377.60 and 377.61 and loss of financial support.

32.     Plaintiff N.M, Successor-in-Interest, by and through his Guardian Ad Litem Cas'Sius Hudson, is further entitled to recover damages incurred by Decedent before he died as a result of being deprived without due process of his right to life, and to any penalties or punitive damages to which Decedent would have been entitled to recover had he lived, including damages incurred by Decedent consisting of pain and suffering he endured as a result of the violation of his civil rights.

33.     Plaintiffs found it necessary to engage the services of private counsel to vindicate the

rights of Decedent and Plaintiffs' rights under the law. Plaintiffs are therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that he is the prevailing party in this action under 42 U.S.C. § 1983 and 1988.

**FIRST CAUSE OF ACTION**
**(42 U.S.C. section 1983)**
**(Survival Action:  Violation of Decedent's Civil Rights)**
(Plaintiff N.M., Successor-in-Interest, by and through his Guardian Ad Litem CAS'SIUS HUDSON against Defendants DOES 1-25)

34.     Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 33 of this Complaint.

35.     The foregoing claim for relief arose in Decedent's favor, and Decedent would have been the Plaintiff with respect to this claim if he had lived.

36.     Defendants individually and as peace officers deprived Decedent MIKEL MCINTYRE of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Decedent under the Fourth Amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment.

37.     As a result, Decedent suffered a loss of life and of earning capacity for which Plaintiff is entitled to recover damages.

38.     As a result of the conduct of Defendants, individually and as peace officers, they are liable for Decedent's injuries, either because they were integral participants in the use of excessive deadly force against Decedent or because they failed to intervene to prevent these violations.

39.     Defendants, individually and as peace officers, knew or should have known that failure to provide timely medical treatment to Decedent could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing him great bodily harm and death.

40.     The conduct of Defendants, individually and as peace officers, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(42 U.S.C. § 1983)**

**(Violation of Plaintiffs' 14th Amendment Rights/Right to Familial Relationship)**

(Plaintiff N.M., Successor-in-Interest, by and through his Guardian Ad Litem CAS'SIUS
HUDSON and BRIGETT MCINTYRE against Defendants DOES 1-25)

41.     Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through
40 of this Complaint.

42.     As a legal cause of Defendants, acting under color of law, acts and/or inactions,
Plaintiffs were deprived of their constitutional rights to a familial relationship, and whose deliberate
indifference caused injuries which resulted in Decedent's death, all in violation of rights, privileges,
and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.


**THIRD CAUSE OF ACTION**
**(42 U.S.C. Section 1983)**

**(Monell - Municipal Liability for Unconstitutional Custom or Policy)**

(Plaintiff N.M., Successor-in-Interest, by and through his Guardian Ad Litem CAS'SIUS
HUDSON against Defendants CITY, COUNTY and DOES 26-50)


43.     Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through
42 of this Complaint.

44.     On information and belief Defendants' DOES 1-25 conduct, individually and as peace
officers was ratified by City's and County's Police and/or Sheriff Department supervisorial officers
DOES 26-50.

45.     On information and belief, Defendants 1-25 were not disciplined for the killing of
Decedent MIKEL MCINTYRE.

46.     On and for some time prior to May 8, 2017, (and continuing to the present day)
Defendants, individually and as peace officers, deprived Plaintiffs and Decedent MIKEL

MCINTYRE of the rights and liberties secured to them by the Fourth and Fourteenth Amendment to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiffs and Decedent MIKEL MCINTYRE, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

    a. Employing and retaining as police officers and other personnel, including Defendants, individually and as peace officers; who at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written City Police Department and County Sheriff's Department policies, including the use of excessive and deadly force;

    b. Of inadequately supervising, training, controlling, assigning, and disciplining City and County Police officers/deputies, and other personnel, including Defendants who City and County knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

    c. Of inadequately supervising, training, controlling, assigning, and disciplining City and County Police officers/deputies, and other personnel, including Defendants in responding to individuals who were mentally impaired or disabled;

    d. By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants who are Police Officers of City and County;

    e. By failing to discipline City and County Police Officer/Deputies' conduct, including but not limited to, unlawful detention and excessive and deadly force;

    f.   By ratifying the intentional misconduct of Defendants and other officers who are Police Officers of City and County;

    g.   By having and maintaining an unconstitutional policy, custom and practice of detaining and arresting individuals without probable cause or reasonable suspicion, and using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs and practices of Defendants were done with a deliberate indifference to individuals' safety and rights; and

    h.   By failing to properly investigate claims of unlawful detention and excessive force by City and County Police Officers.

47.    By reason of the aforementioned policies and practices of Defendants, individually and as peace officers, Decedent was severely injured and subjected to pain and suffering and lost his life and earning capacity for which Plaintiffs are entitled to recover damages.

48.    Defendants, individually and as peace officers, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Decedent, Plaintiffs, and other individuals similarly situated.

49.    By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants, individually and as peace officers; acted with an intentional, reckless, and callous disregard for the life of Decedent.  Each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

50.     Furthermore, the policies practices, and customs implemented and maintained and still tolerated by Defendants, individually and as peace officers; were affirmatively linked to and were significantly influential force behind the injuries of Decedent and Plaintiffs.

51.     By reason of the aforementioned acts and omissions of Defendants, individually and as peace officers, Plaintiffs were caused to incur funeral and related burial expenses, loss of gifts and benefits and loss of financial support.

52.     By reason of the aforementioned acts and omissions of Defendants, individually and as peace officers, Plaintiffs have suffered loss of love, companionship, affection, comfort, care, society, and future support.

53.     Accordingly, Defendants, individually and as peace officers, each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.


## **FOURTH CAUSE OF ACTION**

### **(Violation of 42 U.S.C. § 12132)**

(Plaintiff N.M., Successor-in-Interest, by and through his Guardian Ad Litem CAS'SIUS HUDSON against Defendants CITY, COUNTY, DOES 1-25 and DOES 26-50)

54. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 53 of this complaint.

55. As against Defendant CITY, COUNTY and/or DOES 26-50 in their capacity as official policy-maker(s) for the City of Rancho Cordova and County of Sacramento. Plaintiffs further alleges that said defendants failed to train, supervise, and or discipline Defendant DOES 1-25: in recognizing symptoms of disability under Title II of the Americans With Disabilities Act and from excluding qualified individuals, such as Decedent MIKEL MCINTYRE, from participating in or denying benefits and services provided by Defendant CITY and Defendant COUNTY; or from otherwise discriminating against such qualified individuals with symptoms of disability recognized under Title II of the Americans with Disabilities act, resulting in the use of force against MIKEL MCINTYRE,

during the course of the subject-incident, which ultimately resulted in his death.

56. As against Defendant DOES 1-25, at the time Defendant DOES 1-25 and DOES 26-50 made contact with Decedent MIKEL MCINTYRE they knew and/or had reason to know he was experiencing a mental crisis. Defendants were aware of Decedent's disability and the symptoms and manifestations of such disability, and yet Defendant DOES 1-25 inexplicably decided against transporting or providing medical or mental health care to Decedent. As a result, Decedent's mental health crisis continued. Defendant Officers failed to provide reasonable accommodations during their encounters with Decedent by failing to contact an emergency medical services provider to transport him to the hospital, taking additional time to communicate and/or attempt to deescalate the situation. The Defendant's actions or lack thereof produced the ultimate incident and subsequent fatal pursuit of Decedent.

57. The aforementioned conduct of Defendant DOES 1-25 and DOES 26-50, in failing to make reasonable accommodations for Decedent denied him the benefits of Defendant CITY and Defendant COUNTY's programs and activities, and/or discriminated against Decedent by reason of his recognized disability.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.


### **FIFTH CAUSE OF ACTION**

**(C.C.P. Section 377.60 and 377.61)**

**(Wrongful Death- Negligence)**

(Plaintiff N.M., Successor-in-Interest, by and through his Guardian Ad Litem CAS'SIUS HUDSON against Defendants CITY, COUNTY, DOES 1-25 and DOES 26-50)


58.     Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 57 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

59.     Defendants' negligent actions and/or negligent failure to act within the scope and course of their employment with Defendant City and Defendant County, as set forth herein-above proximately caused the death of Decedent MIKEL MCINTYRE.

60.     As an actual and proximate result of said Defendants' negligence, and the death of Decedent, Plaintiffs have sustained pecuniary loss resulting from the loss of comfort, society, attention, services, and support of their father, decedent, in an amount according to proof at trial.

61.     As a further actual and proximate result of said Defendants' negligence, Plaintiffs have incurred funeral and burial expenses, in an amount according to proof at trial.

62.     Pursuant to California C.C.P. Sections 377.60 and 377.61, Plaintiffs have brought this action, and claim damages from said Defendants for the wrongful death of decedent, and the resulting injuries and damages.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth

## SIXTH CAUSE OF ACTION

### (Violation of CALIFORNIA CIVIL CODE §52.1)

(Plaintiff N.M., Successor-in-Interest, by and through his Guardian Ad Litem CAS'SIUS HUDSON against Defendants DOES 1-25)

63.     Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 62 of this Complaint.

64.     Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with Decedent MIKEL MCINTYRE'S peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

65.     As a direct and proximate result of Defendant's violation of Civil Code § 52.1, Decedent suffered violations of his constitutional rights, and suffered damages as set forth herein.

66.     Plaintiffs are entitled to injunctive relief and an award of their reasonable attorney's fees pursuant to Civil Code § 52.1(h).

67.     Plaintiffs are entitled to treble damages, but in no case less than $4,000.00 and an award of his reasonable attorney's fees pursuant to Civil Code § 52(a).

68.     Under the provisions of California Civil Code §52(b), Defendant is liable for punitive damages for each violation of Civil Code §52.1, reasonable attorney's fees and an additional $25,000.00.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION

### (Violation of California Government Code § 845.6)

(Plaintiff N.M., Successor-in-Interest, by and through his Guardian Ad Litem CAS'SIUS HUDSON against Defendants CITY, COUNTY, DOES 1-25 and DOES 26-50)

69. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 68 of this complaint.

70. Defendant DOES 1-25 knew or had reason to know that Decedent needed immediate and acute mental health care, treatment, observation, monitoring, and supervision, when they initially made contact with Decedent's mother in response to her calls for assistance. Thereafter, it is unclear what prompted Defendants to, on more than one occasion, deny providing medical attention or transport to Decedent who was clearly gravely disabled and unable to care for himself. Furthermore, it is particularly unclear why Defendants chose to initiate deadly force against a clearly mentally ill person who was running away from the officers/deputies. Defendants, inclusively, failed to take reasonable action to provide Decedent proper mental health care and treatment. Each such individual defendant, employed by and acting within the course and scope of his/her employment with Defendant CITY and Defendant COUNTY, knowing and/or having reason to know that Mikel McIntyre was in need of medical/mental health care, failed to take reasonable action to provide Decedent access to such care medical/mental health care and treatment in violation of California Government Code § 845.6.

71. As legal cause of the aforementioned acts of all Defendants, Plaintiffs were injured as

set forth above, and their losses entitle them to all damages allowable under California law. Plaintiffs sustained serious and permanent injuries and are entitled to damages, penalties, costs, and attorney fees under California law.

## JURY DEMAND

72.    Plaintiffs hereby demand a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1.    For general damages in a sum to be determined according to proof;

2.    For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3.    For punitive damages against Defendant DOES 1-25 in a sum to be determined according to proof;

4.    For reasonable attorney's fees pursuant to 42 U.S.C. § 1988;

5.    For any and all statutory damages allowed by law;

6.    For funeral and burial expenses according to proof;

7.    For cost of suit herein incurred; and

8.    For such other and further relief as the Court deems just and proper.

**Law Offices of John L. Burris**

Dated:  June 25, 2018                                    __/s/ John L. Burris___
                                                        **John L. Burris**